IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JHONNIE E. THOMAS**                                                             **PETITIONER**

**VERSUS**                                 **CIVIL ACTION NO. 5:07-cv-178-DCB-MTP**

**ISSAQUENA-VICKSBURG P.D.M.**                                     **RESPONDENT**

<u>MEMORANDUM OPINION AND ORDER
DISMISSING THE PETITIONER'S COMPLAINT</u>

The Petitioner filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 and requested *in forma pauperis* status. The Petitioner was denied *in forma pauperis* status and directed to pay the filing fee, within twenty days, in an order entered September 26, 2007. The Petitioner was warned in this order that his failure to timely comply with the requirements of the order may result in the dismissal of his case. The Petitioner failed to comply with this order.

On November 9, 2007, an order was entered directing the Petitioner to show cause, on or before November 23, 2007 why this case should not be dismissed for his failure to comply with the Court's September 26, 2007 order. In addition, the Petitioner was directed to comply with the September 26, 2007 order, on or before November 23, 2007. The Petitioner was warned in the show cause order that his failure to timely comply with the requirements of the order would result in the dismissal of his case without further notice. The Petitioner has not complied with the show cause order.

The Petitioner has failed to comply with two Court orders. It is apparent from the Petitioner's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to

dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Petitioner has not complied with two court orders, nor has he contacted this Court since September 24, 2007. The Court concludes that dismissal of this action for Petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the Respondent has never been called upon to respond to the Petitioner's pleading and since the Court has never considered the merits of Petitioner's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED this the   21st   day of December, 2007.

                                             s/ David Bramlette
                                           UNITED STATES DISTRICT JUDGE